UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| PAULA MILLER, ET AL. | * | CIVIL ACTION |
| VERSUS | * | NUMBER: 07-7830<br>REF:  08-722 |
| GREAT WEST CASUALTY INSURANCE COMPANY, ET AL. | * | SECTION "L" (4) |

ORDER & REASONS

On February 15, 2008, the Court denied a remand motion in the lead case of *Paula Miller, et al. v. Great West Casualty Insurance Company, et al.*, No. 07-7830, and the case subsequently settled.  Before the Court is the plaintiff's Motion to Remand (Rec. Doc. 16) in the consolidated case of *Cynthia Wilson v. John Albert Jones, et al.*, No. 08-722, which remains pending.  For the following reasons, the plaintiff's motion is now GRANTED such that Civil Action No. 08-772 will be REMANDED to state court.

I.      BACKGROUND

This case arises from an accident that occurred in Orleans Parish on or about January 15, 2007, when a tractor-trailer driven by John Jones struck a 2000 Mercury Marquis taxi cab driven by Julius Miller.  The cab was owned by Metry Cab Service, Inc. and insured by Imperial Fire & Casualty Insurance Company.  The plaintiff Cynthia Wilson was a passenger in Mr. Miller's cab and allegedly suffered injuries as a result of the accident.  The tractor-trailer was owned by Alliance Transport, Inc. and insured by Great West Casualty Insurance Company ("Great

1

West").

In December 2007, the Plaintiff filed the present action against various defendants in the Civil District Court for the Parish of Orleans, State of Louisiana. The plaintiff seeks damages for pain and suffering, mental anguish and distress, medical expenses, lost wages, disability, loss of earning capacity, and loss of consortium arising from the accident.

One of the defendants, namely Great West, removed the case to this court on January 23, 2008, based on diversity of citizenship jurisdiction under 28 U.S.C. § 1332. Great West argues that the non-diverse defendants, Julius Miller and Metry Cab Service, Inc., have been improperly joined and thus do not defeat this Court's diversity jurisdiction. In the instant motion to remand, the plaintiff argues that the non-diverse defendants were properly joined and thus that this Court lacks diversity jurisdiction. Alternatively, the plaintiff argues that Great West's removal was procedurally defective because the other defendants have not evidenced their consent to removal.

## II.    LAW & ANALYSIS

The removing defendant bears the burden of demonstrating that federal jurisdiction exists and therefore that removal was proper. *See Jernigan v. Ashland Oil, Inc.*, 989 F.2d 812, 815 (5th Cir. 1993). As a general matter, the removal statute is to be construed narrowly and in favor of remand to state court. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100 (1941). Indeed, "doubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction." *Acuna v. Brown & Root Inc.*, 200 F.3d 335, 339 (5th Cir. 2000).

Great West contends that this Court has diversity jurisdiction over this case because complete diversity exists between the plaintiff and the properly joined defendants, and the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332.

Specifically, Great West asserts that diversity jurisdiction exists because the non-diverse defendants, Julius Miller and Metry Cab Service, Inc., were improperly joined and, therefore, that the Court must disregard the citizenship of these defendants. "The burden of proving a fraudulent joinder is a heavy one," and the burden is borne by the removing party. *Green v. Amerada Hess Corp.*, 707 F.2d 201, 205 (5th Cir. 1983). The removing party can satisfy its heavy burden by demonstrating "that there is no possibility that the plaintiff would be able to establish a cause of action against the in-state defendant in state court, or that there has been outright fraud in plaintiff's pleading of jurisdictional facts." *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir. 1981). However, "[i]f there is arguably a reasonable basis for predicting that the state law might impose liability on the facts involved, then there is no fraudulent joinder. This possibility . . . must be reasonable not merely theoretical." *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002); *see Smallwood v. Ill. Cent. R.R.*, 385 F.3d 568, 574 (5th Cir. 2004).

In her petition, the Plaintiff alleges that the accident in this case occurred as a result of the negligence of the driver of the tractor-trailer (John Jones) and/or the driver of the cab (Julius Miller). The mere fact that Great West is willing to stipulate to liability on behalf of its insured, John Jones, does not eliminate the possibility that the plaintiff could have a viable claim against Julius Miller, a non-diverse defendant. *See, e.g., Carr v. Key*, No. 07-6774, 2008 WL 239737, at *2 (E.D. La. Jan. 28, 2008). Even if the plaintiff's version of the facts seems unlikely or the chance of recovery against either of the non-diverse defendants is small, if there is any possibility that the plaintiff has stated a valid cause of action against the non-diverse defendants then there is no fraudulent joiner and the case must be remanded. *Great Plains*, 313 F.3d at 312.

Based on the above allegations, the Court finds that there is a possibility that the plaintiff's claims against the non-diverse defendants are viable. Thus, the Court finds that these parties are not improperly joined and that diversity jurisdiction does not exist.[1]

## III.  CONCLUSION

For the foregoing reasons, IT IS ORDERED that the plaintiff's Motion to Remand (Rec. Doc. 16) is GRANTED and that Civil Action No. 08-722 is hereby REMANDED to the Civil District Court for the Parish of Orleans, State of Louisiana.

New Orleans, Louisiana, this  2nd  day of   April  , 2008.

_____
UNITED STATES DISTRICT JUDGE

---

[1] The Court need not, therefore, address the plaintiff's procedural objections to removal.